CA 06 420

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| VS. | ) | CR No. 1:04-mj-00153 |
| | ) | |
| LONNIE GASPERINI | ) | |

# MOTION UNDER 28 U.S.C. 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE

Now comes defendant, Lonnie Gasperini, and asks this Honorable Court to vacate his current sentence of 120 months imprisonment (108 months plus 12 months consecutively) and grant him a new sentencing hearing. As grounds defendant submits that his United States Sentencing Guideline range was illegally enhanced under the so called "Career Offender" provision of the Guidelines due to an illegal and unconstitutional state court conviction which served as one of the two Career Offender predicate offenses. Defendant also wishes to preserve any and all rights for argument at sentencing hearing, assuming the Court grants that requested hearing.

1. Pursuant to a guilty plea before the Honorable Judge Mary Lisi, Mr. Gasperini was convicted in United States District Court, Providence, Rhode Island under CR No. 1:04-mj-00153.
2. Mr. Gasperini was sentenced by Judge Lisi on or about September 8, 2005. Judgment of conviction was entered on September 13, 2005.
3. Mr. Gasperini was sentenced to a total of 120 months incarceration. Specifically, he was sentenced to 108 months incarceration on Counts I-III and VI-X, and 12 months incarceration, consecutively, on Count IV.

4. Mr. Gasperini was convicted of nine counts in the above-entitled indictment. These are:

   Ct 1. Conspiracy to Distribute Heroin under 21 U.S.C. 846.

   Cts 2, 3, 6-10. Distribution of Heroin/Aiding and Abetting under 21 U.S.C. 841(a)(1) & (b)(1)(C) and 18 U.S.C. 2

   Ct 4. Distribution of Heroin in or Near a School/Aiding and Abetting under 21 U.S.C. 860 and 18 U.S.C. 2

   (Mr. Gasperini was not charged in Count 5 of the Indictment)

5. Mr. Gasperini was convicted pursuant to a guilty plea.

6. Mr. Gasperini did not go to trial.

7. Mr. Gasperini did not testify at any proceeding.

8. Mr. Gasperini did not appeal his judgment of conviction.

9. Mr. Gasperini did not appeal.

10. Mr. Gasperini has not filed any other motions, petitions, or applications regarding the judgment of conviction.

11. NA, as Mr. Gasperini has not filed any other motions, petitions, or applications regarding the judgment of conviction.

12. Grounds of post-conviction petition:

    Ground One:

    (a) Mr. Gasperini's United States Sentencing Guideline range as calculated in his Pre-Sentence Report was illegally enhanced under the so called "Career Offender" provision of the Guidelines due to an illegal and unconstitutional state court conviction which served as one of the two Career Offender predicate offenses.

    (b) Specifically, Mr. Gasperini was illegally and unconstitutionally convicted in Rhode Island Superior Court case number P2/2001-2378A, charging him with Manufacture,

Delivery, or Possession with Intent to Distribute a Controlled Substance. That conviction is presently being challenged by way of a Petition for Post-Conviction Relief in the Rhode Island Superior Court (C.A. No. 06-2255). That Petition, filed on April 25, 2006, makes clear that the conviction in P2/2001-2378A is unconstitutional due to a denial of Mr. Gasperini's state and federal constitutional rights to the effective assistance of counsel – including a fatal lack of investigation and a failure to correct or clarify flaws in the pleadings. In addition, Mr. Gasperini did not make a knowing, voluntary, and intelligent waiver of his constitutional rights.

(c) At the time of this writing, Mr. Gasperini's petition has not been heard in the Superior Court due chiefly to the fact that the State of Rhode Island has failed to reply to the petition. In fact, the clerk of court has granted the defendant a default ruling due to the State's failure. A hearing on entry of judgment based on the State's default has not yet been scheduled.

(d) The P2/2001-2378A conviction was one of two "career offender" convictions (See U.S.S.G. 4B1.1b) included in the Pre-Sentence Report. As such, it served to increase Mr. Gasperini's Criminal History Category from Category III to Category VI (See PSR, Par. 43). The Career Offender designation also increased Mr. Gasperini's applicable U.S.S.G. offense level from 30 to 34 (See PSR par. 30, 31). In total, after the 3 point reduction for acceptance of responsibility granted in PSR par. 32 and accepted by the Court at sentencing, Mr. Gasperini's U.S.S.G. sentencing range was increased due to the conviction in question from 87-108 months (Offense Level 27 x Criminal History III) to the 188-235 month range applied by the pre-sentence report.

(e) Although the Court chose to impose a sentence below the U.S.S.G. guideline range, the imposed sentence of a total of 120 months still falls above the 87-108 month range applicable absent the invalid state conviction in P2-2001-2378A.

(f) Mr. Gasperini has moved to vacate that conviction in the Rhode Island Superior Court. At the time of the filing of this petition, the state court has granted a default to Mr. Gasperini due to the State of Rhode Island's failure to contest his Motion to Vacate P2/2001-2378A, and a Motion for Judgment has been or soon will be filed on his behalf. He files this petition now in part to preserve this issue for such time as that predicate conviction is vacated

(g) NA, as Mr. Gasperini did not file a direct appeal.

(h) NA, as Mr. Gasperini has not filed any other post-conviction petitions.

<u>Ground Two</u>:

(a) Assuming relief is granted as to ground one, described above, Mr. Gasperini wishes to preserve any rights he might have under present U.S. Supreme Court precedent to argue for a sentence less that the recommended United States Sentencing Guidelines range.

(b) NA, as Mr. Gasperini did not file a direct appeal.

(c) NA, as Mr. Gasperini has not filed any post-conviction petitions.

13. Neither of the two above-listed grounds have been presented to a federal court as a basis for appeal or post-conviction relief, due to the fact that the predicate Rhode Island State conviction was fully intact at the time of sentencing, although both grounds were presented in the form of sentencing arguments to the Court.

14. No, Mr. Gasperini has no other motions pending regarding this judgment.

15. Mr. Gasperini was represented at preliminary hearing through sentencing by Attorney Paul DiMaio, 215 Broadway, Providence, RI, 02903.

16. Mr. Gasperini was not sentenced on any other indictments in addition to this one.

17. Mr. Gasperini has no other future sentence to serve.

18. This Motion is timely. Mr. Gasperini was sentenced on September 8, 2005. The Judgment of Conviction was entered on September 13, 2005. A direct appeal, if filed, was not due until 10 days of the entry of the Judgment of Conviction. The one year statute of limitations therefore began running on September 23, 2005 and expires on that date of 2006. Derman v. U.S., 298 F.3d 34, at 43 (1st Cir.).

WHEREFORE, Mr. Gasperini asks that the Court vacate his present sentence of 120 months incarceration and grant him a new sentencing hearing, wherein he shall be able to present any and all evidence which might have been presented at the original sentencing hearing. An affidavit by Petitioner is not presently attached to this Petition as Petitioner is serving his sentence in an out of state facility. Once the affidavit is received by counsel it shall be filed with the Court.

Respectfully submitted,
Lonnie Gasperini,
By his Counsel,

Olin W. Thompson, III
***McKiernan Thompson & Millea***
243 North Main St.
Providence, RI 02903
(401) 223-1400
(401) 223-1401 (fax)

## CERTIFICATION

I hereby certify to the best of my knowledge under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. 2255 was filed in person in the United States District Court for the District of Rhode Island, One Exchange Street, Providence, RI 02903, on this the 20th of September, 2006.

*McKiernan Thompson & Millea*