Exhibit 1

STATE OF RHODE ISLAND SUPERIOR COURT
PROVIDENCE, SC

**LONNIE GASPERINI**

V. C.A. No.:

**A.T. WALL**

**PETITION FOR POST-CONVICTION RELIEF**

Now comes your Petitioner, Lonnie Gasperini and moves this Honorable Court grant him Post-Conviction Relief and requests this Court vacate his plea and sentence on case number P2-2001-2378A. As grounds therefore, Petitioner states the following:

On or about August 2, 2001, Mr. Gasperini was granted his petition to waive to Information on District Court Complaint Number 01-12118, which charged him with one (1) count of violating R.I.G.L. Section 21-28-4.01, delivery of cocaine to a cooperating witness. On the same day Mr. Gasperini was allowed to waive Information, his plea of Nolo Contendere was accepted by Mr. Justice DiMitri and he was sentenced to six (6) years at the A.C.I., suspended and six (6) years probation, plus fines. Upon allowing Mr. Gasperini to waive the Information, the Court informed him that once the same was waived, all that was left for the Court to do was take Mr. Gasperini's plea and sentence him.

Prior to waiving Information and pleading in this matter Mr. Gasperini was not given an opportunity to review discovery, including any police reports in this matter.

His attorney did not review the discovery either. Had either the lawyer or Mr. Gasperini reviewed the discovery, it would have been apparent that Mr. Gasperini had defenses to

the alleged charge and the case should have been assigned for a violation hearing and then trial. In addition errors in the complaint would have been discovered.

The Complaint attached to the waiver is deceptive. In the body of the complaint, Count reads "Lonnie Gasperini, alias John Doe, did unlawfully deliver to cooperating witness a controlled substance, to wit cocaine as set forth in schedule 11 of21-28-2.08, of the General laws of t he Rhode Island, in violation of 21-28-4.01 (A) (2) (A), of Rhode Island General Laws as amended, on to wit **6/20001** (sic)" *emphasis added.* In that same complaint in the top corner block titled "offense date," the complaint indicates an offense date of 3-16-00. When Mr. Gasperini pleaded in this matter, the prosecutor orally stated that the defendant delivered a controlled substance on March 16 of the year 2000. (Tr. p. 5 ln. 8)

A review of the travel of this case shows that Mr. Gasperini was arrested sometime around June 28, 2001. At that time, he did not know the nature of the charges against him. An incident report dated June 28, 2001 stated that Mr. Gasperini turned himself into the Providence Police on that date with regard to a warrant concerning Delivery of a Controlled Substance that allegedly took place on or about "6-20-01". However the Affidavit attached to that arrest warrant describes events that allegedly took place on or about March 16, 2000. Gasperini was held without bail and presented as a violator in the Superior Court. In July of 2001, Mr. Gasperini was bailed and then pleaded to the charges. Defendant maintains that he pleaded to this charge because his lawyer told him that he would go to jail if he did not due to a violation. However, Mr. Gasperini clearly remembers that he did not deliver any controlled substance to anyone in March of 2000 but again, based on the advice of his attorney, he pleaded out of fear.

An examination of the record in this case shows that Mr. Gasperini was arrested by the Providence Police in May of 2000 for a drug offense and subsequently pleaded in or about June of 2000 to the May charge. A year and three (3) months later, after the alleged sale in March of 2000, Mr. Gasperini was again arrested by the same police department. After March 16, 2000, Mr. Gasperini was arrested by the Providence Police and the March 16, 2000 event never arose its ugly head until a year an a half later through the confusing complaint and supporting documentation on June 2001.

## GROUNDS FOR RELIEF

### I. PETITION WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF HIS RIGHTS UNDER THE SIXTH AMENDMENT OT HE UNITED STATES CONSITUTION AND ARTICLE 1 SECTION 10 OF THE RHODE ISLAND CONSTITUTION

Your Petitioner contends that his attorney was ineffective and said ineffectiveness undermined the proper functioning of the adversarial process. This ineffectiveness was the result of neglect and not the result of well thought out strategy. *Stirckland v. Washington*, 466 U.S. 668 (1984). Petitioner was prejudiced by the ineffective counsel and there was a great probability that Petitioner would not have waived or pleaded to the charges contained in the complaint at issue. Therefore, the outcome of those proceedings would have been different. This resulted in a violation of the Petitioner's rights under the United States and Rhode Island Constitutions.

#### A. Defense Counsel Failed to Conduct Proper Pre-trial Investigation and failed to make a reasonable decision that the same was not necessary because he failed to review the discovery and examine the complaint which would have revealed defenses and errors in the information contained therein.

Defense Counsel failed in his duty to conduct reasonable investigation or to make a reasonable determination that the same was not necessary. *Id.* A review of the record

reveals that defense counsel entered on the same day that Mr. Gasperini turned himself in, June 28, 2001. Because of a potential violation, Defense Counsel told Mr. Gasperini that he should waive the matter to the Superior Court and plead to the charges in order to avoid jail time. Solely on the advice of counsel, Mr. Gasperini waived and pleaded to the charges. This advice was apparently given without counsel having reviewed the discovery or complaint that Mr. Gasperini pleaded to. Had counsel done so, he would have discovered defenses to and errors in the complaint.

1. <u>A Review of the Discovery here reveals errors in the dates and circumstances of the alleged criminal activity.</u>

As discussed above, the complaint alleges that Mr. Gasperini engaged in criminal conduct on March 16, 2000. However, in the body of the complaint, the offense date is listed ambiguously as 6/20/20001 with a "/" mark through one of the zeros. In addition, the documents supporting the complaint are also confusing. The affidavit in support of the arrest warrant describes events that occurred in March of 2000, yet the Incident report of June 2001 states that Mr. Gasperini turned himself in to the Police due to alleged criminal conduct in June of 2001. Also, as if this matter wasn't confusing enough, when Mr. Gasperini pleaded here, the Prosecuting Attorney stated that the offense date was March of 2000. For some reason, no one involved in the case bothered to determine what the actual offense date was or whether any of the information was incorrect. It is clear however, that there is a mistake here, not only in the complaint itself but the other paperwork explained above. Furthermore, Mr. Gasperini was never given nor did have an opportunity to review the discovery prior to his plea.

Had Defense counsel reviewed all of the discovery and the complaint prior to the plea, he would have noticed the mistakes and most likely would have addressed these

issues with the court and the prosecution. Then the parties may have discovered that there actually was no case against Mr. Gasperini stemming from alleged conduct in March of 2000 as discussed below.

B. A Review of the Discovery in this matter and information from Mr. Gasperini reveals defenses to the charges alleging criminal conduct in March of 2000.

In this case, Mr. Gasperini's own recollection of the facts and information contained in the discovery reveal viable defenses to any charge of March 16, 2000. First, Mr. Gasperini maintains that he did not commit the offense alleged to have occurred on March 16, 2000. The travel of the case supports Mr. Gasperini's contention. As explained above, The Providence Police arrested Mr. Gasperini in May of 2000 for a drug offense. Mr. Gasperini pleaded to those charges sometime in June of that year. Thereafter, Mr. Gasperini was arrested in June of 2001 by the same Police Department, a year and a half after March of 2000. Thus, the Providence Police arrested him twice after March 16, 2000 and that event never arose its ugly head until June of 2001. Logic speaks that there was no case against Mr. Gasperini for anything in March of 2000. When taken in conjunction with the vagueness of the complaint, this all leads to confusion for the Defendant and clearly shows that there is a good possibility that Mr. Gasperini's belief that he is innocent is true. Defense Counsel failed to discuss these issues with the Mr. Gasperini. Had he done so, Defense counsel would probably not have advised Mr. Gasperini to plead.

Second, an inspection of the facts of the March 16, 2000 allegation shows other defenses aside from Mr. Gasperini's own recollection. The arrest warrant affidavit explains that Mr. Gasperini was arrested as a result of information given to authorities by

a confidential informant. Of note is that the events described took place in June of 2001. No where in the discovery do the authorities substantiate the informant basis for knowledge or reliability as required. Nor is there any indication of independent confirmation of the offense. *See, Aguilar v. Texas* 378 U.S. 108 (1964); *Spinelli v. U.S.* 393 U.S. 410 (1969); *Illinois v. Gates*, 462 U.S. 213, (1983); *State v. Riccio*, 551 A.2d 1183 (1988). These facts should have been apparent to Mr. Gasperini's counsel if he had taken the time to properly prepare or conduct reasonable investigation. Based on the foregoing, there is a substantial likelihood that Mr. Gasperini would have prevailed had he proceeded with a violation hearing and/or a trial.

II. MR. GASPERINI'S PLEA SHOULD BE SET ASIDE BECAUSE HE FAILED TO MAKE A KNOWING, VOLUNTARY AND INTELLIGENT WAIVER OF HIS CONSTITUTIONAL RIGHTS.

Mr. Gasperini did not make a knowing, voluntary and intelligent waiver of his constitutional rights and therefore, his plea in this matter should be set aside.

A. Mr. Gasperini's did not make a Knowing, Intelligent and Voluntary waiver of his constitutional rights because the defective complaint and ineffective assistance of counsel.

There is a presumption of validity attached to final judgments. *Park v. Raley* 506 U.S. 20, 29-30 (1992); *State v. Ouimette* 785 A.2d 1132, 1137 (RI 2001). However, this presumption can be overcome by a defendant who shows by the preponderance of the evidence that his plea was not the product of a knowing, intelligent and voluntary waiver of his constitutional rights. *Ouimette* 785 A.2d at 1137. Where a defendant claims his plea was taken as the result of ineffective assistance of counsel, he must show that but for the attorney's errors he would not have plead and would have insisted that the matter proceed to trial. *Strickland v. Washington* 466 U.S. 668, 687 (1984); *State v. Figueroa,*

639 A.2d 495, 500 (R.I. 1994); *State v. Carpenter*, 796 A.2d 1071 (R.I. 2002). A defendant must also show that hi decision to plead nolo would have been different if he had been made aware of possible sentencing enhancements for future crimes as a consequence of the nolo plea. *Carpenter* 769 A.2d 1071.

Here, as discussed above clearly there was ineffective counsel and the blatant confusion and errors surrounding the complaint and discovery. As result of the foregoing, Mr. Gasperini lacked knowledge of the charges and facts against him and therefore did not make a knowing, intelligent and voluntary waiver of his constitutional right. Furthermore, Mr. Gasperini was never advised of possible future sentencing enhancements as a consequence of this plea.

B. Mr. Gasperini's did not make a Knowing, Intelligent and Voluntary waiver of his constitutional rights because the Judge failed to properly inform him of his options upon waiver.

Here, the judge did not notice the errors in the complaint and discovery, nor did he properly advise Mr. Gasperini as to his options upon waiver. In allowing Mr. Gasperini to waive indictment/information, the Judge explained that once the waiver was allowed, all that was left for the judge to do would be to take Mr. Gasperini's plea. He failed to explain that after waiver, Mr. Gasperini could have still proceeded to trial.

Although this may have been an oversight by the judge because many times pleas are taken at the same time as the waiver, this still shows that Mr. Gasperini was not acting with full knowledge of all the options, facts and circumstances in order to have made an intelligent, voluntary waiver of his rights.

## III. CONCLUSION

Based on the forgoing, your petition respectfully request that his Petition for Post-Conviction Relief be granted and his plea be set aside. Any affidavit by the Petitioner is not currently attached to this Petition because the Petitioner is currently serving in an out of state facility. Once the same is received by counsel it shall be forwarded to the court.

Petitioner,
Lonnie Gasperini,
By His Attorneys,

Paul J. DiMaio
Stefanie DiMaio-Larivee
215 Broadway
Providence, RI 02903
401-272-3900