**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| LONNIE GASPERINI | ) | |
| | ) | |
| v. | ) | C.A. No: 06-420ML |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**GOVERNMENT'S OBJECTION TO PETITIONER'S MOTION TO VACATE, SET ASIDE, OR OTHERWISE CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

Comes now the United States of America, by and through its attorneys, Robert Clark Corrente, United States Attorney for the District of Rhode Island, and Adi Goldstein, Assistant U.S. Attorney, and hereby objects to the defendant's Motion to Vacate, Set Aside, or Otherwise Correct Sentence Pursuant to 28 U.S.C. § 2255 for the reasons stated in the accompanying memorandum.

Respectfully submitted,

UNITED STATES OF AMERICA

By Its Attorneys,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ Adi Goldstein

ADI GOLDSTEIN
Assistant United States Attorney
RI Bar No. 6701
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
401-709-5000
401-709-5001 (fax)
adi.goldstein@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of October, 2006, I caused a copy of the within Government's Objection to Petitioner's Motion to Vacate, Set Aside, or Otherwise Correct Sentence Pursuant to 28 U.S.C. § 2255, to be served by first-class mail, postage prepaid on:

Olin W. Thompson, Esquire
McKiernan Thompson & Millea
243 North Main Street
Providence, Rhode Island 02903.

/s/ Adi Goldstein
______________________________

ADI GOLDSTEIN
Assistant United States Attorney
RI Bar No. 6701
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
401-709-5000
401-709-5001 (fax)
adi.goldstein@usdoj.gov

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| LONNIE GASPERINI | ) | |
| | ) | |
| v. | ) | C.A. No: 06-420ML |
| | ) | |
| UNITED STATES OF AMERICA | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF GOVERNMENT'S OBJECTION TO PETITIONER'S MOTION TO VACATE, SET ASIDE, OR OTHERWISE CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255**

## I. INTRODUCTION

The petitioner, Lonnie Gasperini(Gasperini), filed a motion pursuant to 28 U.S.C. § 2255 on September 20, 2006. Gasperini challenges his sentence on the grounds that it was based on the career offender provision, and that one of the career offender predicate convictions was constitutionally defective.

Defendant's motion should be dismissed on several grounds: (1) defendant's state conviction in P2/2001-2378A has not been vacated; (2) defendant may not collaterally attack his conviction in P2/2001-2378A because defendant was represented by counsel when he pleaded guilty in that case; and (3) the Court sentenced the defendant pursuant to the advisory guidelines and imposed a sentence that was far lower than the career offender guidelines, accordingly there was no prejudice.

## II. **TRAVEL OF THE CASE**

Defendant was convicted of nine counts of conspiracy to distribute heroin, distribution of heroin, and distribution of heroin within 1000 feet of a school on September 8, 2005. He was sentenced to 120 months incarceration (108 months on counts I-III and VI-X to run concurrently, and 12 months on count IV to run consecutively). The facts underlying the conviction are detailed in the pre-sentence report. In sum, the evidence in the case showed that Gasperini distributed varying amounts of heroin to an undercover Providence Police detective on eight separate occasions.

At sentencing, defendant argued to the Court that he should not be sentenced as a career offender. Defendant argued, as he does presently, that his state conviction in P2/01-2378A was infirm because of certain ambiguities regarding the date of the offense. The Court rejected defendant’s argument, agreeing with the government that a state conviction may not be collaterally attacked in federal court absent narrow grounds which are not applicable here. Nevertheless, the Court sentenced the defendant to 120 months incarceration – well below the career offender guidelines range of 188-235 months.

Defendant did not appeal his conviction or his sentence.

## III. GOVERNING LAW

### A. MOTIONS UNDER 28 U.S.C. § 2255

Section 2255 provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence is in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A motion under 28 U.S.C. § 2255 is a substitute for habeas corpus. Relief is available under this section only if the same relief is available under the writ. Hill v. United States, 368 U.S. 424, 427 (1962). The grounds justifying relief under § 2255 are limited. Section 2255 does not grant to a defendant the right to retry cases in which he has been adjudged guilty. Taylor v. United States, 177 F.2d 194, 195 (4th Cir. 1949).

In United States v. Addonizio, 442 U.S. 178, 184-185 (1979), the Supreme Court stated:

> It has, of course long been settled law that an error that may justify reversal on direct appeal will not necessarily support a collateral attack on a final judgment ... [U]nless the claim alleges a lack of jurisdiction or constitutional error, the scope of collateral attack has remained far more limited.... The Court has held that an error of law does not provide a basis for collateral attack unless the claimed error

constituted 'a fundamental defect which inherently results in a

complete miscarriage of justice'.... Similar limitations apply with respect to claimed errors of fact.

See also Davis v. United States, 417 U.S. 333, 346 (1974). A collateral attack may not substitute for an appeal. United States v. Frady, 456 U.S. 152, 165 (1982); Dirring v. United States, 370 F.2d 862, 865 (1st Cir. 1967). To obtain collateral relief, a prisoner must clear a significantly higher hurdle than would exist on a direct appeal. A defendant cannot raise in a federal habeas proceeding issues which he failed to raise at trial or on direct appeal absent a showing of cause for the failure and a showing of prejudice. Knight v. United States, 37 F.3d 769, 774 (1st Cir. 1994).

**B. ENTITLEMENT TO A HEARING**

Section 2255 provides that the court should hold a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Rule 4(b) of the rules governing Section 2255 proceedings for the United States District Courts provides in pertinent part that "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified." Id. The burden is on the movant to prove by a preponderance of the evidence that he is entitled to a hearing. Myatt v. United States, 875 F.2d 8, 11

(1st Cir. 1998). In considering a motion under § 2255, the district court should accept the movant's allegations as true "except to the extent they are contradicted by the record, inherently incredible, or conclusions rather than facts." United States v. Moscruera, 845 F.2d 1122, 1124 (1st Cir. 1988).

The First Circuit has stated that no hearing is required where the § 2255 motion: (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case. Moran v. Hogan, 494 F.2d 1220, 1222, (lst Cir. 1974); United States v. Carbone, 880 F.2d 1500, 1502 (lst Cir.), cert. denied, 493 U.S. 1078 (1990). Moreover, the First Circuit also held that "no hearing is required where the district judge is thoroughly familiar with the case." Ouellette v. United States, 862 F.2d 371, 377 (1st Cir. 1988); Panzardi-Alvarez v. United States, 879 F.2d 975 n.8 (lst Cir. 1989). A district judge's personal observation and recollection of the events at trial may, supplement the record. Gregory v. United States, 585 F.2d 548, 550 n.1 (lst Cir 1978); United States v. DiCarlo, 575 F.2d 952, 954-955 (lst Cir. 1978).

In the instant case, no evidentiary hearing is required because Gasperini's claims can be resolved by reference to the record, and where the record does not exist by relying on the presumption of regularity and on the memory of the sentencing

judge.

**C. COLLATERAL ATTACK OF GASPERINI'S STATE COURT CONVICTION**

In Custis v. United States, 511 U.S. 485, 496-497 (1994), the Supreme Court held that in a federal sentencing proceeding, the defendant may not challenge facially valid, prior convictions used to enhance his current federal sentence, except on the grounds that the prior conviction was obtained in violation of his right to counsel under Gideon v. Wainwright, 372 U.S. 335 (1963). See Daniels v. United States, 532 U.S. 374, 382 (2001) ("[i]f an enhanced federal sentence will be based in part on a prior conviction obtained in violation of the right to counsel, the defendant may challenge the validity of his prior conviction during his federal sentencing proceedings, * * * [but] [n]o other constitutional challenge to a prior conviction may be raised in the sentencing forum." In Daniels, the Court made clear that a defendant also may not use a Section 2255 motion to collaterally attack prior convictions that were used to enhance his sentence. The Court explained:

> After an enhanced federal sentence has been imposed . . ., the person sentenced may pursue any channels of direct or collateral review still available to challenge his prior conviction. * * * If any such challenge to the underlying conviction is successful, the defendant may then apply for reopening of his federal sentence. * * * If, however, a prior conviction used to enhance a federal sentence is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they

> were available (or because the defendant did so unsuccessfully), then * * * the defendant may not collaterally attack his prior conviction through a motion under § 2255.

Daniels, 532 U.S. at 382.

The courts of appeals have agreed that a defendant who has successfully challenged his prior conviction may then file a Section 2255 motion attacking a federal sentence that was enhanced on the basis of that conviction. See United States v. Doe, 239 F.3d 473, 475 (2d Cir. 2001) (citing cases from the First, Fourth, Fifth, Sixth, Ninth, Tenth, and Eleventh Circuits).

Furthermore, because the need for finality has "'special force with respect to convictions based on guilty pleas,'" a guilty plea may be attacked on collateral review only in "strictly limited" circumstances. Bousley v. United States, 523 U.S. 614, 621 (1998) (quoting United States v. Timmreck, 441 U.S. 780, 784 (1979)). In particular, "a voluntary and intelligent plea of guilty made by an accused person, who has been advised by competent counsel, may not be collaterally attacked." Mabry v. Johnson, 467 U.S. 504, 508 (1984). Thus, when a defendant files a Section 2255 motion to challenge the validity of a conviction pursuant to a guilty plea, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569 (1989). The Court applied this rule in Broce to hold that defendants who pleaded

guilty to two indictments arising out of the same course of conduct had waived their double jeopardy claims. Id. at 565. A guilty plea is an admission of all the elements and material facts of the criminal charge contained in an indictment. See Broce, 488 U.S. at 569 ("a plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt"). Thus, a defendant cannot ordinarily challenge his plea on the ground that there was insufficient evidence to prove an element of the offense.

**IV. ARGUMENT**

Defendant's petition is without merit, primarily because defendant's state conviction in P2/2001-2378A has yet to be vacated by Rhode Island Superior Court. Until the defendant can come before this Court and show that his conviction in P2/2001-2378A has been vacated, this Court may not disregard that conviction. Further, defendant cannot claim that he was unrepresented at the time he pleaded guilty to p2/2001-2378A. The plea transcript and docket sheet for that case, which were provided to the Court at sentencing, clearly show that Scott Lutes represented the defendant at all hearings in connection with this case. Any claim of ineffective assistance of counsel must be disposed of by the state court, and are not properly before this Court.

Finally, as the Court sentenced the defendant under the advisory guidelines, defendant cannot claim that he suffered any prejudice. Specifically, although the defendant could have been sentenced as a career offender, this Court clearly rejected the career offender guidelines and sentenced the defendant to a term of incarceration that was well below that range. The Court sentenced the defendant to ten years incarceration, where the guidelines called for a sentence of 188 to 235 months. In imposing the sentence, the Court listed the statutory factors under 18 U.S.C. § 3553(a) and stated that the sentence adequately reflected the seriousness of the offense, while promoting respect for the law and providing punishment for the offense. In addition, the Court stated that the sentence was designed to protect the public from future wrongdoing by the defendant and provide the defendant with needed rehabilitation.

## V. CONCLUSION

The United States therefore requests that for all the aforementioned reasons the petitioner's motion be denied and dismissed.

Respectfully submitted,

UNITED STATES OF AMERICA

By Its Attorneys,

ROBERT CLARK CORRENTE
UNITED STATES ATTORNEY

/s/ Adi Goldstein

ADI GOLDSTEIN
Assistant United States Attorney
RI Bar No. 6701
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
401-709-5000
401-709-5001 (fax)
adi.goldstein@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of October, 2006, I caused a copy of the within Memorandum of Law in Support of Government's Objection to Petitioner's Motion to Vacate, Set Aside, or Otherwise Correct Sentence Pursuant to 28 U.S.C. § 2255, to be served by first-class mail, postage prepaid on:

Olin W. Thompson, Esquire
McKiernan Thompson & Millea
243 North Main Street
Providence, Rhode Island 02903.

/s/ Adi Goldstein
______________________________
ADI GOLDSTEIN
Assistant United States Attorney
RI Bar No. 6701
United States Attorney's Office
50 Kennedy Plaza, 8th Floor
Providence, Rhode Island 02903
401-709-5000
401-709-5001 (fax)
adi.goldstein@usdoj.gov