**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | CA: 06-420ML |
| **VS.** | ) | **CR No. 1:04-mj-00153** |
| **LONNIE GASPERINI** | ) | |

**Affidavit in Support of 2255 Petition**

Now comes the undersigned and under oath deposes and states as follows:

1. Pursuant to a guilty plea before the Honorable Judge Mary Lisi, I was convicted in United States District Court, Providence, Rhode Island under CR No. 1:04-mj-00153.
2. I was sentenced by Judge Lisi on or about September 8, 2005. Judgment of conviction was entered on September 13, 2005.
3. I was sentenced to a total of 120 months incarceration. Specifically, he was sentenced to 108 months incarceration on Counts I-III and VI-X, and 12 months incarceration, consecutively, on Count IV.
4. I was convicted of nine counts in the above-entitled indictment. These are:

   Ct 1. Conspiracy to Distribute Heroin under 21 U.S.C. 846.

   Cts 2, 3, 6-10. Distribution of Heroin/Aiding and Abetting under 21 U.S.C. 841(a)(1) & (b)(1)(C) and 18 U.S.C. 2

   Ct 4. Distribution of Heroin in or Near a School/Aiding and Abetting under 21 U.S.C. 860 and 18 U.S.C. 2

   (I was not charged in Count 5 of the Indictment)
5. I was convicted pursuant to a guilty plea.

6. I did not go to trial.

7. I did not testify at any proceeding.

8. I did not appeal my judgment of conviction.

9. I did not appeal.

10. I have not filed any other motions, petitions, or applications regarding the judgment of conviction.

11. NA, as I have not filed any other motions, petitions, or applications regarding the judgment of conviction.

12. Grounds of post-conviction petition:

Ground One:

(a) My United States Sentencing Guideline range as calculated in my Pre-Sentence Report was illegally enhanced under the so called "Career Offender" provision of the Guidelines due to an illegal and unconstitutional state court conviction which served as one of the two Career Offender predicate offenses.

(b) Specifically, I was illegally and unconstitutionally convicted in Rhode Island Superior Court case number P2/2001-2378A, charging me with Manufacture, Delivery, or Possession with Intent to Distribute a Controlled Substance. That conviction is presently being challenged by way of a Petition for Post-Conviction Relief in the Rhode Island Superior Court (C.A. No. 06-2255). That Petition, filed on April 25, 2006, makes clear that the conviction in P2/2001-2378A is unconstitutional due to a denial of my state and federal constitutional rights to the effective assistance of counsel – including a fatal lack of investigation and a failure to

correct or clarify flaws in the pleadings. In addition, I did not make a knowing, voluntary, and intelligent waiver of his constitutional rights.

(c) At the time of this writing, my petition has not been heard in the Superior Court due chiefly to the fact that the State of Rhode Island has failed to reply to the petition. In fact, the clerk of court has granted me a default ruling due to the State's failure. A hearing on entry of judgment based on the State's default has not yet been scheduled.

(d) The P2/2001-2378A conviction was one of two "career offender" convictions (See U.S.S.G. 4B1.1b) included in the Pre-Sentence Report. As such, it served to increase my Criminal History Category from Category III to Category VI (See PSR, Par. 43). The Career Offender designation also increased my applicable U.S.S.G. offense level from 30 to 34 (See PSR par. 30, 31). In total, after the 3 point reduction for acceptance of responsibility granted in PSR par. 32 and accepted by the Court at sentencing, My U.S.S.G. sentencing range was increased due to the conviction in question from 87-108 months (Offense Level 27 x Criminal History III) to the 188-235 month range applied by the pre-sentence report .

(e) Although the Court chose to impose a sentence below the U.S.S.G. guideline range, the imposed sentence of a total of 120 months still falls above the 87-108 month range applicable absent the invalid state conviction in P2-2001-2378A.

(f) I have moved to vacate that conviction in the Rhode Island Superior Court. At the time of the filing of this petition, the state court has granted a default to me due to the State of Rhode Island's failure to contest his Motion to Vacate P2/2001-2378A, and a Motion for Judgment has been or soon will be filed on my behalf. I file this petition

now in part to preserve this issue for such time as that predicate conviction is vacated

(g) NA, as I did not file a direct appeal.

(h) NA, as I have not filed any other post-conviction petitions.

Ground Two:

(a) Assuming relief is granted as to ground one, described above, I wish to preserve any rights I might have under present U.S. Supreme Court precedent to argue for a sentence less that the recommended United States Sentencing Guidelines range.

(b) NA, as I did not file a direct appeal.

(c) NA, as I have not filed any post-conviction petitions.

13. Neither of the two above-listed grounds have been presented to a federal court as a basis for appeal or post-conviction relief, due to the fact that the predicate Rhode Island State conviction was fully intact at the time of sentencing, although both grounds were presented in the form of sentencing arguments to the Court.

14. No, I has no other motions pending regarding this judgment.

15. I was represented at preliminary hearing through sentencing by Attorney Paul DiMaio, 215 Broadway, Providence, RI, 02903.

16. I was not sentenced on any other indictments in addition to this one.

17. I have no other future sentence to serve.

18. This Motion is timely. I was sentenced on September 8, 2005. The Judgment of Conviction was entered on September 13, 2005. A direct appeal, if filed, was not due until 10 days of the entry of the Judgment of Conviction. The one year statute of limitations therefore began running on September 23, 2005 and expires on that date of 2006. Derman v. U.S., 298 F.3d

34, at 43 (1st Cir.).

The affiant sayeth nothing further.

I hereby swear under penalty of perjury that this affidavit is true and accurate to the best of my knowledge.

Lonny Gasperini

Subscribed and sworn to before me this 12th day of December, 2006.

NOTARY PUBLIC
Print Name: JoAnn Ciepiela
My Commission Expires:

12/12/06

NOTARIAL SEAL
JoAnne M. Ciepiela, Notary Public
Gregg Twp., Union County
My commission expires January 6, 2008