UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

LONNIE GASPERINI

vs. C.A. No. 06-420-ML

UNITED STATES OF AMERICA

**MEMORANDUM AND ORDER**

Petitioner Lonnie Gasperini, through his counsel, has filed a motion under 28 U.S.C. § 2255 To Vacate, Set Aside or Correct Sentence in this Court. For the reasons that follow, that motion is denied.

BACKGROUND AND TRAVEL

Gasperini pled guilty to selling varying amounts of heroin to an undercover Providence Police detective and was convicted of nine counts of conspiracy to distribute heroin, in violation of 21 U.S.C. § 846, distribution of heroin in violation of 21 U.S.C. §841(a)(1) and (b)(1)(C), and distribution of heroin within 1000 feet of a school, in violation of 21 U.S.C. § 860.

The presentence report ("PSR") calculated a sentencing guideline range of 188-235 months, based on a total offense level of 31and Gasperini's classification as a Career Offender pursuant to USSG § 4B1.1. At sentencing, Gasperini objected to the Career Offender classification because one of his predicate state convictions -- Providence Superior Court Case No. P2/01-2378A (conviction for the manufacture, delivery or possession with intent to distribute a controlled substance) -- was invalid due to certain ambiguities regarding the date of the offense. This Court rejected that argument, but nevertheless sentenced Gasperini to 120 months

imprisonment (108 months each on the heroin conspiracy and distribution offenses, to run concurrently, and 12 months for the distribution-near-a-school offense, to run consecutively) – well below his guideline range. Gasperini did not appeal.

Gasperini, through counsel, thereafter filed the instant motion to vacate, in which he claims that one of the two predicate state convictions underlying his career offender status was invalid and constitutionally defective, and thus his federal sentence is invalid and should be vacated. (Motion To Vacate, Ground One.) In an affidavit submitted in support of his motion, Gasperini avers that on April 25, 2006 he filed a Petition for Post-Conviction Relief with the Rhode Island Superior Court, C.A. No. PC06-2255 ("state postconviction proceeding ") seeking to vacate the state conviction in P2/2001-2378A, on the grounds that it was illegal and unconstitutional. (See Affidavit in Support of 2255 Petition filed on December 19, 2006 ["Gasperini Aff."] at ¶ 12.) That proceeding currently remains pending.

Thereafter, on March 6, 2007 this Court requested that Gasperini advise the Court within 30 days as to the status of the state postconviction proceedings. On April 5, 2007 Gasperini's counsel responded that a hearing was anticipated within two weeks and requested that the instant action be stayed an additional 30 days. On or about May 21, 2007 counsel moved for a further extension of time, requesting that this Court grant an additional 60 days before either scheduling a hearing or rendering a decision in the instant matter, in order to permit the state court application to proceed. This Court granted that motion on May 23, 2007. On July 25, 2007 Gasperini's counsel advised this Court that no hearing has been scheduled in the state postconviction proceeding and that it was uncertain when a hearing would be scheduled.

The Government has previously filed its objection to the motion to vacate, and this Court

now determines that this matter is ready for decision.[1]

## ANALYSIS

Gasperini's sole claim is that one of the predicate state court convictions on which his career offender status was based is invalid and unconstitutional.[2] Although he has initiated a state postconviction proceeding seeking to overturn and vacate that conviction, no favorable ruling has been obtained to date. Because the predicate conviction remains valid, this claim is at best premature and, for purposes of the instant proceeding, must be dismissed.

To the extent that Gasperini seeks to have this Court review the predicate state court conviction in this proceeding, that relief is foreclosed by U.S. Supreme Court case law. In Daniels v. United States, 532 U.S. 374 (2001), the court held that a prisoner whose federal sentence was enhanced by a prior state court conviction under the Armed Career Criminal Act (ACCA) may not challenge the validity of that prior conviction through a motion under 28 U.S.C. § 2255, with the exception of a conviction obtained in violation of the right to counsel or where no means of review was available. Id. at 382. In so holding, the court noted considerations of administrative efficiency and finality of criminal convictions, citing its earlier decision in Custis v.

---

[1] No evidentiary hearing is required in connection with Gasperini's motion to vacate, because, as discussed infra, the files and records of this case conclusively establish that his claim is without merit. See David v. United States, 134 F.3d 470, 477 (1st Cir. 1998) (district court properly may forego any hearing "when (1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief, or (3) the movant's allegations need not be accepted as true because they state conclusions instead of facts, contradict the record, or are inherently incredible.") (internal quotations omitted). See also Panzardi-Alverez v. United States, 879 F.2d 975, 985 n.8 (1st Cir. 1978) (no hearing is required where district judge is thoroughly familiar with the case).

[2] A "Ground Two" asserted in the motion to vacate seeks to reserve any rights Gasperini might have at re-sentencing to argue for a sentence less than the pertinent sentencing guideline range. In view of this Court's disposition of Ground One, this ground – to the extent it asserts any claim-- is denied as moot.

United States, 511 U.S. 485 (1994) (holding that, with the exception of convictions obtained in violation of the right to counsel, a defendant generally may not challenge in his federal sentencing proceeding the validity of prior state convictions used to enhance his federal sentence under the ACCA). The First Circuit has noted that the holdings in Custis and Daniels have been applied to Career Offender enhancements under the Guidelines. See Mateo v. United States, 398 F.3d 126, 134 and nn. 6-7 (1st Cir.2005) (and cases cited).

Here, it is evident from his motion to vacate and supporting papers that Gasperini does not seek to challenge the prior state conviction in question under Gideon v. Wainwright, 372 U.S. 335 (1963). Rather, his state petition for postconviction relief alleges ineffective assistance of counsel and the absence of a knowing, voluntary and intelligent waiver of his constitutional rights. (See Motion to Vacate at ¶ 12(b) and Exhibit 1 thereto.)

Accordingly, this Court must dismiss the instant motion to vacate without prejudice to the filing of a new § 2255 motion to vacate should he be successful in vacating the previous state court conviction.

## CONCLUSION

For the foregoing reasons, Gasperini's Motion to Vacate is hereby denied and dismissed. This dismissal is WITHOUT PREJUDICE to Petitioner's filing a new motion under 28 U.S.C. § 2255 should he succeed in vacating one of the prior state convictions used in calculating his federal sentence. Any such motion must otherwise comply with all applicable law, and this Court makes no determination at this juncture as to either the timeliness or the merits of any such motion to vacate which might be brought. See Johnson v. United States, 544 U.S. 295 (2005) (vacatur of prior state conviction constitutes a "fact" triggering a new one-year limitations period

under § 2255, ¶ 6(4), if petitioner was diligent in seeking such vacatur).

SO ORDERED:

Mary M. Lisi
Chief United States District Judge
July 30 , 2007